Name: Frank L Sindar
Address: Po Box 250 Draper Ut 84020
Telephone: ——

FILED
U.S. DISTRICT COURT

2005 DEC 29  A 11: 22

DISTRICT OF UTAH

RECEIVED CLERK

DEC 0 9 2005

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## Central DIVISION

| | |
|---|---|
| Frank L Sindar<br>(Full Name)<br>    PLAINTIFF<br><br>    vs.<br><br>Richard M. Garden, Sidney Roberts<br>Kennon Tubbs, Clinton Friel, Jack<br>Ford, Billie Casper,<br>Sgt Atwood, 1-20 John & Jane Does<br><br>    DEFENDANTS | **CIVIL RIGHTS COMPLAINT**<br>(42 U.S.C §1983, §1985)<br><br>Judge Tena Campbell<br>DECK TYPE: Civil<br>DATE STAMP: 12/29/2005 @ 11:21:53<br>CASE NUMBER:  2:05CV01084  TC |

## A. JURISDICTION

1.    Jurisdiction is proper in this court according to:

    a. ✔ 42 U.S.C. §1983
    b. __ 42 U.S.C. §1985
    c. __ Other (Please Specify) _____

2.    NAME OF PLAINTIFF Frank L Sindar _____
      IS A CITIZEN OF THE STATE OF Utah _____

      PRESENT MAILING ADDRESS: Po Box 250 Draper Ut 84020

3.    NAME OF ~~FIRST~~ Second DEFENDANT Richard M. Garden, M.D, ~~Director~~

IS A CITIZEN OF *Draper Utah*
        (City and State)

IS EMPLOYED AS *Dir. Bur med. Serves.* at *U.S.P*.
        (Position and Title if Any)        (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES ✓ NO__. If your answer is "YES" briefly explain.

*Garden*
*Defendant, is Personally and professionaly Responsible*
*For The supervison of medical staff and Facilities*
*and medical care of inmates.*

4.  NAME OF ~~SECOND~~ *First* DEFENDANT *Clinton Friel*
        (If applicable)

IS A CITIZEN OF *~~Dir~~ Draper UTah*
        (City and State)

IS EMPLOYED AS *warden* at *U.S.P*.
        (Position and Title if Any)        (Organization)
Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES ✗ NO__. If your answer is "YES" briefly explain.

*Defendant warden Friel is responsible For*
*The safety, well-being, and health of inmates*
*in his custody, and supervision of all U.S.P staff*
*and programs.*

5.  NAME OF THIRD DEFENDANT *Sidney Roberts*
        (If applicable)

IS A CITIZEN OF *Draper utah*
        (City and State)

IS EMPLOYED AS *M.D* at *U.S.P*.
        (Position and Title if Any)        (Organization)

Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES ✓ NO___. If your answer is "YES" briefly explain.

Defendant Doctor Roberts is responsible For providing medical diagnosis, care, and threatment For inmates serious medical needs and conditions.

6.    NAME OF FOURTH DEFENDANT *Kennon Tubbs*
      (If applicable)

IS A CITIZEN OF *Darper Utah*
                  (city and State)

IS EMPLOYED AS *M.D* at *U.S.P*.
      (Position and Title if Any)        (Organization)
      Was the defendant acting under the authority or color of state law at the time these claims occurred?

YES ✓ NO___. If your answer is "YES" briefly explain.

Defendant Doctor Tubbs is responsible For providing medical diagnosis, care, and threatment For inmates serious medical needs and conditions.

(Use additional sheets of paper if necessary.) Defendant list continued on next page

## B. NATURE OF CASE

1.    Why are you bringing this case to court?  Please explain the circumstances that led to the problem.
      plaintiFF has a liFe threatening medical conditions To which U.D.C. is deliberately indifferent. plaintiFF seeks eFFective medical attention and care to alleviate the constant threat oF serious permament pinjury and/or death.

7. name of Fifth Defendant Blake Neilsen
is a citizen of Draper Ut
is Employed as Deputy Warden at U.S.P Wasatch Facility
was acting under Authority or color of State law at the Time
These claims occurred.
   Defendant. Neilsen is responsible For The care, safety,
Well-Being, and health of inmates in his custody, and the
supervision of Wasatch Security, programming, and U.S.P
Infirmary staff providing medical care To inmates.

8. name of Sixth Defendant Sgt. Atwood
is a citizen of Draper Utah
is Employed as Security sgt at U.S.P Infirmary
Defendant Atwood is responsible For Facilitating The
provision of medical care To inmates and supervising
subordinate staff.

9. name of Seventh Defendant Maw
is a citizen of Draper Utah
is Employed as officer at U.S.P Infirmary
Defendant Maw assists Infirmary staff in The provison
of medical care to inmates

10. name of Eighth Defendant John (Jack) Ford
is a citizen of Draper Utah
is Employed as Director of public affairs at U.D.C
Defendant Ford is responsible For addressing and
resolving Disputes involving U.S.P and it's staff

11. name of ninth Defendant Craig Balls
is a citizen of Draper Utah
is Employed as Hearing officer at U.D.C
Defendant Balls is responsible For Faciliting The resolut-
ion of greivances and other appeals submitted By
inmates.

12. Name of Tenth Defendant Billie casper
is a citizen of Draper Utah
is Employed as Grievance coordinator at U.D.C
Defendant casper is responsible For Faciliting and
resolving grievances submitted by inmates.

13. Name of Eleventh Defendant willie stevens
is a citizen of Draper Utah
is Employed as a registered nurse at U.D.C
Defendant stevens is responsible For Faciliting and
resolving grievances submitted by inmates.

14. name of Twelfth et al. Defendants John and Jane Does
1-20 are citizen of Draper Utah
Employment will be identified as Discovered at
U.S.P Defendants responsibities will be identified
as Discovered.

15. name of Thirteenth Dafendant Jon H. Huntsman, Jr
is a citizen of Salt Lake city, Utah
is employed as governor of The state of Utah governor
Huntsman is responsible For The administration
and operation of The Utah Department of corrections
and the healt and safety of all inmates detained
by The Department of corrections.
  Governor Huntsman is personally involved Through
letters From plaintiff To him.

16. Name OF Fourteenth DeFendant Janet Jackson Welch is a citizen OF Draper, Utah.
Is employed as DIO inmate scheduling coordinator at U.D.C

Defendant Welch is responsible For making medical appointments ordered by medical providers employed by U.D.C and Scheduling Transportation; expediting appointments and Transportation in accord with The severity OF Their inmates patients medical condition.

## C. CAUSE OF ACTION

1.  I allege that my constitutional rights, privileges or immunities have been violated and
    that the following facts form the basis for my allegations: (If necessary you may attach
    additional pages)

    a.   (1)   Count I: 8TH Amend - deliberate indifference To

         Serious medical needs.

         (2)   Supporting Facts: (Describe exactly what each defendant did or did not
               do. State the facts clearly in your own words without citing legal authority
               or arguments.)

               See Attached pages

    b.   (1)   Count II: _____

         (2)   Supporting Facts: _____

    c.   (1)   Count III: _____

(a)(1) count I: 8th Amend deliberate indifference To serious medical needs

(a)(1) supporting Facts: I entered prison on November 5, 2005 with severe allergies and a scarred throat. ENT specialist Dr. Anderson, Former Head of UMC's ENT Department upgraded my condition To Life threatening befor I came To prison. Drs. Brown and Harry were protecting my health by Testing medications on me before prescribing them.

I Told P.A. Barry Stone during my Receiving and orientation medical interview and examination about my medical conditions. He prescribed ActiFed and an antibiotic. I asked him To send for my medical records, which has not been done, yet.

I Told Stone That ActiFed doesn't work For me and makes me sick. It has damaged my heart and I've had strokes, because P.A. Stone, Dr. Richard Garden, Dr. kennon Tubbs, Dr. Sydney Roberts, and other medical staff insisted I Take Acifed Until I began To have heart attacks and mild strokes.

My complaints of dizziness, nausea, recurrent episodes of irritable bowel syndrome, and fainting were disregarded, mocked, and then my heart began To beat Fast. During my second heart attack my pulse slowed to 198 beats per minute after The 25 minutes it Took To get me To The Infirmary only To send me back To my cell with the advice To see a doctor the next day, July 5th. They Told me, "you're just having a panic attack." Dr. Roberts Five day later diagnosed super Ventricular Tachycardia (SVT), and eventually ordered Two heat monitors. It Took a month To get The First one. As of submission I have had no Treatment

For my heart other than discontinuation of
the Actifed, and the Naproxin at the advice
of the prison eye doctor. Dr. Roberts took me
to him after my vision blurred and I developed
a blind spot. He said there was something
in my eye, but the problem was with my brain.
Dr. Tubbs later confirmed that strokes had
caused my vision problems and slurred speech.
Dr. Roberts and Dr. Tubbs said I would be
referred to UMC for my heart and strokes.
As of this filing I have not been seen by UMC
specialists or treated for my heart or strokes.
According to medical experts both events should
receive treatment with in the "golden hour," that is
the first hour after symptoms appear to minimize
damage and prevent complications such as death.
I am not disagreeing with treatment because
no treatment has been done. It has been promised,
but not done. Repeated attempts to get help
have met with med techs diagnosing allergies,
panic attacks, asthma, and faking. As P.A. Stone
told another inmate, "It's cheaper to bury you
than to treat you." I have heard staff ask,
"who did we kill?" or lament "we haven't killed
anyone in a time period like several days or weeks."
This is not malpractice it is an intentional attempt
at murder.

count II: Failure To get my medical records demonstrates deliberate indifference.

Supporting Facts: I have asked medical staff To get my records From my contact with Them. I have listed my serious medical conditions For medical staff, and they have said They would get my records, but have not. Dr. Garden wrote That They had gotten them, but I have not Filled out or signed The necessary Forms so They don't know which doctors To ask To send my Records To the prison. Other staff have said They haven't gotten my records, contrary To Dr. Garden's claim. My life is in jeopardy as long as my medical history is unknown to The prison.

Medical staff, Dr. Garden, Dr. Roberts, Dr. Tubbs, various nurses and med Techs know my condition is getting worse, and are failing To get me To The specialists They promised.

Medical providers (Dr. Roberts, Dr. Tubbs, P.A. Stone) have prescribed meds blindly without having access To my records which Tell what meds I can Take and which ones are dangerous To give me.

I have not had The Test I have been promised, except For one Holter monitor a mouth after my First heart attack. A blood Test To check For heart damage was not done. Other Tests: brain ct scans, mrI's, etc. need To be done.

The CT scan That was done was For The wrong Thing. I underwent extensive medical physical examinations before I came To prison, including a stress echocardiogram. The doctor said I had The heart of a 20 year old. Now I have problems climbing stairs. Those Test results could be used as a base line To determine how much damage now exists.

Count III : 8th Amend Deliberate indifference is demonstrated by medical staff's Failure To protect my health, well-being, and safety.

Supporting Facts: I Told The providers named in this petition That The medications They were giving me were making me sick.
They said I could have a Fast heart rate or allergies, I could Take my pick.
They kept giving me The pills after I began having heart attacks. Dr. Roberts Took me off actifed after I had my First heart attack.
After I had vision loss From strokes The eye docter For the prison was shocked Naproxin was still prescribed and I was taking it under Dr. Robert's orders.
I could hear him shouting at Dr. Roberts about not Taking me off the naproxin gradually after I had my First heart attack.
Everyone except medical staff is shocked.
medical staff Told me, "we're Tired of seeing you". They check me and send me Back To housing with no treatment.

C (1) Count III. 1st Amend: Violation Through imparment of access To The courts.

(2) Supporting Facts: AT each level of The grievance procei's DeFendants Stevens, casper, and Balls have misrepesented issues and Facts and have made assertions That are Frandulent and patantly False. DeFendant Ford has misrepresented made aconclusery or patently False statements to Be Fact (in writing). Such conduct is aimed at impeding, interFering with and impairing access to the courts.

d (1) Count IV. Violations of 8th Amend. Through Threats, retaliation and punishment.

(2) Supporting Facts; Prison seurity staFF (DeFendants sgt ATwood and oFFicer maw) have removed plaintiFF or ordered him removed From The USP InFirmary BeFor medical consults were completed, have threat-ned and inFlicted punishment For PlaintiFF attempting to get the medical help he needs For his serious medical conditions.

E(1) count V. 8Th Amend, violation - Failure To protect plaintiffs health, well-being and safety.

(2) supporting Facts: Plaintiff has written To his housing Seurity staff The wasatch warden, Deputy warden, and captain attempting To secure The medical help need To precerve his health, well-being, and life. He has also written To Utah Governor John H. Huntsman, Jr seeking help, Plaintiff's letters have been passed along For orthers To address To no avail. U.S.P medical staff ultimately reseived more of those letters and continue To side-step provision of care To plaintiff Leaving him in jeopardy of losing his Life at any Time. Staff has at all levels, Failed To meet Their obligations To protect Plaintiffs health, well-being, and life.

E(1) Count VI. Deliberate indifference to serious medical needs resulted in injury to plaintiffs heart.

(2) Supporting Facts: Defendants failed to take effective notice of plaintiff's distress about the adverse side effects of the medications prescribed for him.

Plaintiff Experienced a Cardiac Event on June 26th 2005 of about 15 minutes. On July 4, 2005 another episode of rapid pulse was witnessed and documented by medical and housing staff.

Plaintiff's heart began to beat rapidly about noon and he became dizzy and lightheaded with sever pain at the bass of his skull. At 12:15 pm a med tech verified he was having a cardica event ("heart attack") Vitals registered a heart rate of 198 Bpm. Which the med tech reported as having slowed down from the original assessment done around noon.

An ordered appointment for the next day with Dr. Roberts did not take place because staff did not schedule it. Then on July 6th 2005 at about 5:30 pm plaintiff had another episode. It was on Friday, July 8th, 2005 before Dr. Roberts examined plaintiff.

Plaintiff was orded to discontinue Actifed problem because the Sudafed in it had caused the heart problem. The doctor called the problem "STV" and said it is deadly. He orded two types of heart monitors and a cardice consult with the University. Plaintiff had a compleate heart work up before incarceration and his heart was in Excallant condition.

C
E(1) count VII. Deliberate indifference To serious
medical needs which has resulted in injury To
plaintiff's eyes.

(2) supporting Facts: As a consequence of defendants
Failures To Take effective notice of plain TIFF's
distress about prescribed medications and Their
Effects on his heart, on July 16 2005 plaintiff
Experienced a cardiac event That affected The
vision in his right eye, causing pain and blurring
of his vision. Plaintiff was Examined by prison
medical staff and released. On July 17TH 2005 at
about 3:pm plaintiff began having difficulty
seeing with his Left eye, and discoverd he had
developed a blind spot in the Center of his visual
Field. Plaintiff reported This degeneration To
Sgt white of (D-Block) and The p.m diabetis pill
line med Tech about 3:45 p.m.

H

E (1) Count VIII. Deliberate indifference to my serious medical which has resulted in injury that includes possible brain damage from episodas with symptoms of strokes.

(2) Supporting Facts: defendants' continnig compaign of failing to address serious medical conditions has resulted in my eye problems in count VII That the prison eye doctor said also involve my brain* The eye doctor said that both The sudafed in actifed I had been taking and the naprasin I was still taking would cause cardiovascular incidents, to wit: heart attacks, strokes through erratic blood pressure and pulse which I have had* on July te #19th 2005 Dr. Roberts referred me to the prison eye doctor who chided Dr. Roberts for giving me and continuing to give me medication, that I had said were causing me adverse effects, and caused visual problems and possible strokes.

I E (1) count IX. cotinning deliberate indifference to my serious medical condition of difficult breathing that has led to a cascade of orther medical conditions that that are progressively causing me mental and physical deterioration.

  Supporting Facts: when I entered prison, and since then, I have asked medical staff to take care of my breathing difficulty. A few tests and oursory exams were done without serious recognition of the problems I have breathing. As a result the cascade discussed above began and continues to cause mental and physical deterioration.

J(1) Count X. Deliberate indifference To scheduling medical appointments with specialists For me resulting in progressive deterioration of my serious medical conditions.

(2) Supporting Facts: Defendant medical providers and schedulers have Failed To schedule specialists' appointments To address my serious medical conditions. Because of delays For non-medical reasons my original medical condition has caused The series of physical injuries and The Development of additional serious medical conditions affecting my heart vision, and speech From strokes and Their accompanying brain injury.

(2)     Supporting Facts: _____

_____

_____

_____

_____

_____

## D. INJURY

1.     How have you been injured by the actions of the defendant(s)?

      _See ATTached_____

_____

_____

_____

_____

_____

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.     Have you filed other lawsuits in state or federal court that deal with the same facts that
are involved in this action or otherwise relate to the conditions of your imprisonment?
YES_____ / NO __X__.  If your answer is "YES," describe each lawsuit.  (If there is
more than one lawsuit, describe additional lawsuits on additional separate pages, using
the same outline.)

     a.         Parties to previous lawsuit:

        Plaintiff(s): __N/A_____

        Defendant(s): __N/A_____

     b.     Name of court and case or docket number: ____N/A_____

## D. Injury

Chronological progression:

11/05/04 - major allergy, sinus infection, breathing and choking;

4/04/05 - pneumonia-like symptoms, complained of meds causing adverse effects

7/04/05 - heart problems began (BPm.198 to 200+ med Tec said "heart attack");

7/08/05 - heart problem diagnosed; 7/16/05 - heart problem with Right ~~Bl~~ Eye Blurred vision and slurred speech;

7/17/05 - Blind spot in Left eye; ~~7/19/05-possible~~

7/19/05 - possible retinal damage and stroke diagnosed.

c.   Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____ *N/A* _____

d.   Issues raised: _____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

e.   When did you file the lawsuit? _____ *N/A* _____
Date       Month       Year

f.   When was it (will it be) decided? _____ *N/A* _____

2.   Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C? YES __*x*__ / NO __ ___.  If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.

*I have completed all three Levels of The prison Grivance process To no avail.*

_____

_____

_____

_____

## F. REQUEST FOR RELIEF

1.   I believe that I am entitled to the following relief:

*THe State insures each Employee For one million dollars per individual per incidenT. I ask only three-guarters of one million dollars per For The physical injuries, I have per individual, Sustained, I also ask For: punitive damages. Damages For mental suffering and anguish, and money For Future medical needs That result From The lapes of care while I am in prison.*

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct.  28 U.S.C. §1746; 18 U.S.C  §1621.


Executed at _____ on _____20___.
        (Location)               (Date)


_____
Signature

## Declaration of Frank L. Sindar

I Frank L. Sindar, under penalty of perjury persuant to 28 U.S.C. §1746 I declare the Forgoing is true and correct.

The Security Staff, Transportation Officer's, and my Family members were not upset but Shocked and said they were appalled when they heard that medical had not taken me to the University Hospital emergency room after my heart attacks.
When I began to have Strokes the medicall trained members of my Family were outraged.

Respectfully, Submitted this 24th day of August, 2005

Frank L. Sindar   U.S.P 37141
Frank L. Sindar Attorney pro se

Frank L. Sindar USP 37141
Attorney Pro Se
P.O. Box 250
Draper, Utah 84020

TO; UNITED STATES DISTRICT COURT

DISTRICT OF Utah

RE: Exhaustion of Grievances proof

I, Frank L. Sindar, have submitted Two Grama requests
For copies of the grievances I have Filed against The prison
Employees.
Each time they have denied my Request even though
The Grama codes specify that my legal rights are implicated.
I send this letter on the advice of a new contract
Attorney I Discussed my case with To determine how
To handle The prison's denials.

Respectfully,

Frank L. Sindar U.S.p 37141
Frank L. Sindar Attorney Pro Se