IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FRANK L. SINDAR, | ) |
| Plaintiff, | ) Case No. 2:05-CV-1084 PGC |
| v. | ) District Judge Paul G. Cassell |
| DR. RICHARD GARDEN et al., | ) **O R D E R** |
| Defendants. | ) Magistrate Judge Samuel Alba |

Plaintiff, inmate Frank L. Sindar, filed a civil rights complaint.[1] He alleges that prison staff: gave him the wrong drugs, causing heart attacks and strokes; have not gotten his medical records as he asked; fail to take him to specialists as promised; do not treat his heart problems, strokes, and breathing difficulties; "disregarded and mocked" his reports of dizziness, nausea, irritable bowel syndrome, and fainting; and have not tested his blood for heart damage, nor provided needed CT scans and MRIs. Plaintiff also asserts that other prison officials have not responded to his letters asking for their protection, impeded his access to the courts by writing lies, and sullied the grievance process with misrepresentations and lies. Because Plaintiff did not adequately plead that he had exhausted his prison grievances as to each of these claims, the Court ordered him to show cause why his complaint should not be dismissed.

---

[1] *See* 42 U.S.C.S. § 1983 (2006).

Plaintiff responded, stating, "I have filed through all the greivance [sic] levels to have my medical needs taken care of appropriately. All were denied." He then referred the court to copies of grievance documents that he had attached. Those documents show that one of Plaintiff's medical-treatment claims was exhausted. That claim is one in which Plaintiff asserts he received inadequate medical treatment for his "throat closing from excess mucus." Presumably, this is related to his breathing problems. Plaintiff has not specified that he has exhausted any other of his myriad claims.

As the Court stated in its order to show cause, to pursue his case, Plaintiff must have already totally exhausted all his claims through every prison grievance level.[2] Section 1997e(a) prescribes a pleading prerequisite for prisoners.[3] Consequently, a complaint that does not properly allege the exhaustion of administrative remedies "'is tantamount to one that fails to state a claim upon which relief may be granted.'"[4] A prisoner plaintiff must

---

[2] See id. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

[3] See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003).

[4] Id. (quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)).

2

> (1) plead his claims with "a short and plain statement . . . showing that [he] is entitled to relief," in compliance with Fed. R. Civ. P. 8(a)(2), and (2) "attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome."[5]

Absent "'particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.'"[6]

Moreover, the Tenth Circuit reads § 1997e(a) as a "total exhaustion" rule, meaning that "'when multiple prison condition claims have been joined . . . § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.'"[7] Though Plaintiff shows he fully grieved one of his claims, he has not met the pleading requirement of specifically detailing all three levels of grievances and responses as to any other of his many claims. "[T]he presence of unexhausted claims in [Plaintiff's] complaint require[s this C]ourt to dismiss his action in its entirety without prejudice."[8]

---

[5] *Id.* (alterations in original) (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000)).

[6] *Id.* at 1211 (quoting *Knuckles El*, 215 F.3d at 642).

[7] *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004) (quoting *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000)).

[8] *Id.* at 1189.

3

IT IS THEREFORE ORDERED that Plaintiff's complaint is dismissed because he failed to adequately plead that he exhausted all but one of his claims.

DATED this 21st day of September, 2006.

BY THE COURT:

_____
PAUL G. CASSELL
United States District Judge